**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**AMANDA K. JONES,**

    **Plaintiff,**

 v.          5:11-CV-0999
             (NAM/VEB)

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

---

**APPEARANCES:**         **OF COUNSEL:**

Howard D. Olinsky, Esq.
Olinsky Law Group
300 S. State Street
Suite 420
Syracuse, New York 13202
For Plaintiff

Hon. Richard S. Hartunian, United States Attorney
Elizabeth Rothstein, Esq., Special Assistant United States Attorney
Social Security Administration
Office of Regional General Counsel, Region II
26 Federal Plaza - Room 3904
New York, New York 10278

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## INTRODUCTION AND BACKGROUND

  Plaintiff commenced this action on August 22, 2011, seeking review of the

Commissioner's denial of her application for supplemental security income benefits under the

Social Security Act. 42 U.S.C. §§ 405(g) and 1383(c). Dkt. No. 1. United States Magistrate Judge

Victor E. Bianchini issued a Report and Recommendation recommending that the Court remand

this case to the Commissioner for further administrative proceedings. Dkt. No. 20. The Court adopted Magistrate Judge Bianchini's Report and Recommendation in its entirety, entered judgment in plaintiff's favor and remanded this case for further proceedings. Dkt. No. 21. As the prevailing party, plaintiff Amanda K. Jones moves (Dkt. No. 23) for an award of attorney's fees and costs in the sum of $9,517.41 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner concedes that plaintiff is entitled to fees and costs but contends that her fee request is excessive. (Dkt. 24).

## DISCUSSION

The EAJA provides:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). To qualify for attorneys' fees under the EAJA, the plaintiff must demonstrate that: (1) she is the prevailing party; (2) she is eligible to receive an award; and (3) the position of the United States was not substantially justified. *See* § 2412(d)(1)(B). Even if an agency's position was not substantially justified, an award of fees may be reduced or denied if "special circumstances" would make an otherwise proper award "unjust". *Ortiz v. Chater*, No. 95 CV 3126, 1997 WL 50217, at *4 (E.D.N.Y. Jan. 30, 1997) (citing 28 U.S.C. § 2412(d)(1)(A)).

In this case, plaintiff is entitled to an EAJA award because: (1) her net worth did not exceed $2,000,000 at the time the action was filed; (2) she was a "prevailing party" in a case against the government; and (3) the position of the United States was not substantially justified.

2

Accordingly, the Court must determine whether the amount of plaintiff's fee request is reasonable.

Plaintiff requests $9,517.41 for: 49.2 hours of attorney services ($9,238.77),[1] 3.3 hours of administrative work ($264.00), and costs ($14.64). The Commissioner asserts this amount is excessive in this "routine" social security case.

When assessing whether to award attorney's fees to a prevailing party, a court has broad discretion to determine whether the amount of time an attorney has expended is reasonable. *Crudele v. Chater*, 92 CIV. 7912, 1997 WL 198076, at *5 (S.D.N.Y. Apr. 23, 1997) (citing *Aston v. Sec'y of Health and Human Servs*, 808 F.2d 9, 11 (2d Cir. 1986)). District courts in the Second Circuit have held that, on average, an attorney spends twenty to forty hours on routine social security cases. *Cruz v. Apfel,* 48 F.Supp.2d 226, 231 (E.D.N.Y. 1999); *see also Hogan v. Astrue*, 539 F.Supp.2d 680, 682 (W.D.N.Y. 2008). "This is not an unyielding rule, however, and courts in this and other districts have compensated attorneys in similar situations for more than forty hours of labor." *Mirabito v. Comm'r of Soc. Sec.*, 5:13-CV-462, 2014 WL 1341928, at *2 (N.D.N.Y. Apr. 4, 2014) (citing *Smith v. Astrue*,1:10-CV-53, 2012 WL 3683538, at *2 (N.D.N.Y. Aug. 24, 2012) (awarding $10,998.15 in attorney's fees, reflecting 53.00 hours of attorney time); *Scott v. Astrue*, 474 F.Supp.2d 465, 467 (W.D.N.Y. 2007) (awarding EAJA fees for 51 hours of attorney time); *Kania v. Shalala*, No. 91–CV–0766, 1995 WL 307604, at *3–4 (W.D.N.Y. May 10, 1995) (awarding EAJA fees for 58.65 hours of attorney time)).

Having reviewed plaintiff's submissions, including her attorney's affidavit and time sheet, and having considered the Commissioner's response and the facts of this case, the Court finds

---

[1] Plaintiff's attorney seeks an hourly rate of: $179.57 for 3.9 hours in 2011; $187.87 in 41.8 hours in 2012; and $195.85 for 3.5 hours in 2013.

3

plaintiff's fee request is reasonable. The amount is reduced, however, by $264.00, the amount plaintiff's attorney billed for "administrative work" because much of that work appears duplicative of work for which plaintiff's attorney already billed. Accordingly, plaintiff's motion is granted.

## CONCLUSION

For the above reasons, it is hereby

**ORDERED** that plaintiff's motion (Dkt. No. 23) for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, is **GRANTED** in the amount of $9,253.41; and it is further

**ORDERED** that the Commissioner shall make the award payable to plaintiff, but is permitted to mail a check complying with this order directly to plaintiff's counsel.[2]

**IT IS SO ORDERED.**

Date: April 25, 2014

Norman A. Mordue
Senior U.S. District Judge

---

[2]Any EAJA recovery in the form of a check must be made payable to the plaintiff, and not her attorneys. *See Mills v. Colvin*, No. 5:11-cv-955, 2013 WL 1499606, at *4 (N.D.N.Y. Apr. 11, 2013). The Commissioner may, however, mail the check to plaintiff's attorney in recognition of the agreement between counsel and client. *Smith*, 2012 WL 368353, at *3.

4